Official Form 420A (Notice of Motion or Objection) (12/16)   WELTMAN #040332842

United States Bankruptcy Court
Northern District of Illinois

| | |
|---|---|
| In Re JOSHUA MCKINNEY | ) Case No. 19-09907 |
| | ) |
| | ) Chapter 7 |
| | ) |
| Address 2851 S King Dr., Apt. 1008, Chicago, IL 60616 | ) |
| | ) |
| Last four digits of Social Security or Individual Tax-payer Identification (TIN) No(s). (if any) 2272 | ) |
| Employers Tax Identification (EIN) No(s). (if any) | |

**NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

LANDMARK CREDIT UNION has filed papers with the court to obtain Relief from the Automatic Stay. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant Relief from Stay, or if you want the court to consider your views on the motion then you or your attorney must:

Attend the hearing scheduled to be held on May 22, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Judge Carol A Doyle at:

219 South Dearborn St., Chicago, IL 60604, Courtroom 742

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: May 3, 2019

/s/Monette W. Cope
Monette W. Cope ,
180 N. La Salle Street
Chicago, IL 60601
Phone:  312-253-9625
Fax: 312-782-4201
ARDC #6198913

**Certificate of Service**

I hereby certify that on 3rd day of May, 2019 a copy of the Notice of Motion and Motion was served on the following registered ECF Participants, **electronically** through the court's ECF System at the email address registered with the court:

David M Siegel, Attorney for Debtor at davidsiegelbl@gmail.com

Phillip D Levey, ESQ, Chapter 7 Trustee levey47@hotmail.com

Patrick S Layng, U.S. TRUSTEE at USTPRegion11.ES.ECF@usdoj.gov

and on the following by **ordinary U.S. Mail** addressed to:

Joshua McKinney
2851 S King Dr.
Apt. 1008
Chicago, IL 60616


Respectfully submitted,

**WELTMAN, WEINBERG & REIS CO., L.P.A.**

By: /s/ Nicole M . Perichak
    Nicole M. Perichak, Legal Assistant

WELTMAN# 040332842

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

In Re: JOSHUA MCKINNEY

                     Debtor,

Case No. 19-09907
Chapter 7
Hon. Carol A. Doyle

_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    Now comes LANDMARK CREDIT UNION, by and through its attorneys, Weltman, Weinberg & Reis Co. L.P.A., and states the following as its Motion for Relief from Automatic Stay:

    1.    This action is commenced pursuant to 11 U.S.C. § 361, 362, 363 and other Sections of Title 11 of the Bankruptcy Code.

    2.    Debtor, JOSHUA MCKINNEY, filed a petition under 11 U.S.C., Chapter 7, on April 5, 2019.

    3.    Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of the Debtor's petition operates as an automatic stay against LANDMARK CREDIT UNION's rights as a secured creditor to proceed against Debtor and his or her collateral.

    4.    On January 26, 2017, the Debtor herein did execute and deliver to the Movant a certain Retail Installment Contract in the amount of $26,395.00 (Exhibit A), secured by a security interest in a 2010 NISSAN ARMADA, Motor Vehicle Serial 5N1AA0NE8AN606796 (Exhibit B).

    5.    There remains due and owing on the Retail Installment Contract referenced in paragraph four hereof, the sum of $18,159.87 plus interest.

    6.    The collateral is valued at $7,300.00 and encumbered by other liens in the amount of $0.00 according to the schedules.

    7.    Creditor has not been adequately protected by periodic payments or otherwise since the filing of the Debtor's petition and there are arrearages of $4,604.18 as of the date of the

filing of this Motion, for the months of October 27, 2018 through April 27, 2019, plus late charges.

8. Debtor's Statement of Intention is to reaffirm the loan with creditor that secures its collateral.

9. Creditor believes that there is no equity in the collateral and that it is of inconsequential value and benefit to the estate.

10. Creditor further believes that it lacks adequate protection because it has not been provided with insurance information on its collateral.

11. Continuation of the automatic stay will work real and irreparable harm to LANDMARK CREDIT UNION and will deprive it of the adequate protection to which it is entitled.

12. LANDMARK CREDIT UNION is entitled to relief from stay to recover possession of the collateral and liquidate its security interest.

13. LANDMARK CREDIT UNION specifically requests that the fourteen-day stay pursuant to Rule 4001(a)(3) prior to enforcement of the order requested herein be waived; such grace period is designed solely for appeal purposes, and an appeal in this matter would be frivolous and without merit.

WHEREFORE, LANDMARK CREDIT UNION prays this honorable Court Order that the automatic stay be lifted so as to permit LANDMARK CREDIT UNION to proceed to enforce its security interest in the collateral.

                Respectfully submitted,

                **WELTMAN, WEINBERG & REIS CO., L.P.A.**

Date: May 3, 2019            By: /s/ Monette Cope
                                      Monette Cope
                                      180 N. LaSalle Street, Suite 2400
                                      Chicago, IL 60601
                                      ecfnil@weltman.com
                                      312-253-9625
                                      312-782-4201 (fax)
                                      ARDC # 6198913
                                      Attorney for Creditor
                                      LANDMARK CREDIT UNION